UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

06 CA 1 2 0 3 1 RCL

| | |
|---|---|
| GRANT'S FINANCIAL PUBLISHING INC.<br><br>Plaintiff,<br><br>v.<br><br>EATON VANCE CORP., EATON VANCE MANAGEMENT, and EATON VANCE TRUST COMPANY,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded<br><br>MAGISTRATE JUDGE _____ |

### Nature of the Action

1. This is a civil action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. Plaintiff Grant's Financial Publishing Inc. ("Grant's") brings this action as a result of systematic infringement of Grant's registered copyrights in its semi-monthly financial newsletter, *Grant's Interest Rate Observer*, by Defendants Eaton Vance Corp., Eaton Vance Management, and Eaton Vance Trust Company (collectively, "Eaton Vance"). Ignoring multiple copyright notices and repeated specific, written warnings, as well as basic fairness and common sense, Eaton Vance routinely made multiple unauthorized copies of *Grant's Interest Rate Observer* on a regular basis, causing significant harm to Grant's and subjecting itself to all remedies afforded by the Copyright Act, including statutory and actual damages, an award of profits, an injunction and an award of legal fees.

## The Parties

2.   Grant's is a small, family-owned business incorporated in New York and located at 2 Wall St., New York, NY 10005. Grant's was founded in 1983 and currently has eight employees. Its primary product is *Grant's Interest Rate Observer*, a newsletter analyzing the financial markets in a manner directed to investment professionals. It publishes *Grant's Interest Rate Observer* twice monthly, offering an annual subscription at a current price of $850.

3.   On information and belief, the Eaton Vance defendants operate coextensively under the Eaton Vance umbrella, and each of the parties named in this Complaint was responsible for infringements alleged herein. The Eaton Vance structure is confusing to outsiders, so as discovery clarifies, it may be necessary to add more Eaton Vance parties. On information and belief:

   (a)   Eaton Vance Corp. is an investment management firm incorporated in Maryland, with headquarters at 255 State Street Boston, MA 02109.

   (b)   Eaton Vance Management is an investment management firm created and existing under the laws of Massachusetts with its principal place of business at 255 State Street Boston, MA 02109. Eaton Vance Management is a subsidiary of Eaton Vance Corp.

   (c)   Eaton Vance Trust Company is organized and exists under the laws of Maine with its principal place of business at 255 State Street Boston, MA 02109. Eaton Vance Trust Company is a subsidiary of Eaton Vance Management.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The principal place of business of each defendant is in Boston, Massachusetts, subjecting them to personal jurisdiction here. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## The Wrongful Conduct

5.     On or around July 24, 2001, an employee of Eaton Vance initiated a subscription to *Grant's Interest Rate Observer* by contacting Grant's office. Acting on behalf of Eaton Vance, the employee arranged for payment of the single subscription, and renewed it annually by making payment to Grant's in response to renewal invoices sent by Grant's. Grant's mailed each paper issue to the employee pursuant to this subscription arrangement.

6.     Beginning in 2003, Grant's provided the option for its authorized subscribers to receive access to its newsletter electronically, by download from its web site server. Announcement of this option was accompanied by many reminders and warnings against unauthorized copying, and Grant's required authorized subscribers to install a "plug-in" on their computers to prevent unauthorized access. The Eaton Vance employee opted to receive online access beginning in July 2003, installed the plug-in, and has accessed the Grant's web site and downloaded the newsletter regularly.

7.     Each issue of *Grant's Interest Rate Observer* contains original subject matter and is copyrightable under the laws of the United States. Grant's is the sole owner of the copyright in each issue of *Grant's Interest Rate Observer*. During the Eaton Vance employee's period of subscription, Grant's registered its copyright in approximately sixty-nine (69) of *Grant's Interest Rate Observer*.

Representative registrations during the Eaton Vance employee's period of subscription are attached as Ex. A hereto.

8. On information and belief, Eaton Vance routinely, systematically, and willfully made and distributed multiple unauthorized copies of issues of *Grant's Interest Rate Observer*, on a regular basis during the term of the aforementioned subscription. Eaton Vance did this as part of its business operations and for the purpose of increasing its business and profits.

9. Eaton Vance copied *Grant's Interest Rate Observer* in spite of widespread copyright notices and warnings in a variety of materials received and used by Eaton Vance. For example, each issue of *Grant's Interest Rate Observer* contained text similar or identical to the following:

> **Copyright warning and notice:** It is a violation of federal copyright law to reproduce or distribute all or part of this publication to anyone (including but not limited to others in the same company or group) by any means, including but not limited to photocopying, printing, faxing, scanning, e-mailing, and Web site posting. The Copyright Act imposes liability up to $150,000 per issue for infringement. Information concerning possible copyright infringement will be gratefully received. See ***www.grantspub.com/terms.php*** for additional information.
>
> Subscribers may circulate the one original issue received in the mail from *Grant's*, for example, using a circulation/routing slip. Multiple copy discounts and limited (one-time) reprint arrangements also may be available upon inquiry. Copyright 2005 [or applicable year], Grant's Financial Publishing Inc. All rights reserved.

10. Various copyright notices and warnings also appeared throughout Grant's web site, which was used regularly by Eaton Vance, and in emails to Eaton Vance. For example, the subscriber login page on Grant's web site emphasized that it "is a violation of federal copyright law to reproduce all or part of this publication and/or this Web site, and its contents by photocopying, faxing, scanning or any other means." Emails regarding the online issues of *Grant's Interest Rate Observer* regularly stated that

"access is restricted to registered users only." Moreover, the fact that Grant's instituted a password-protected access system online, <u>locked</u> the electronic issues in Portable Document Format (PDF) using special software, and widely advertised these new protections to its subscribers in 2003 and 2004 served further, obvious notice that the issues were not to be copied.

11. In addition, *Grant's Interest Rate Observer* periodically contained feature stories on Grant's efforts to enforce its copyrights, including by lawsuit if necessary. For example, the June 18, 2004 issue carried a story bearing a banner, bold-faced headline "**STAMP OUT LITIGATION**," which urged subscribers to obey the copyright laws and gave them every opportunity to do so, detailing legal ways in which subscribers could utilize Grant's and describing a group discount offer for honest subscribers who wanted to obtain copies legally. Similar stories ran in 2003 and 2004, and some warned that "[w]e use all available means, including new technology, to monitor unlawful copying."

12. Eaton Vance likely received further warning of the impropriety and potential effects of infringement in October 2003, or shortly thereafter, when it was widely reported throughout the financial industry that Legg Mason, Inc. and its subsidiary were assessed a nearly-$20 million verdict for internal copyright infringement of a financial newsletter. Moreover, as a matter of simple fairness and common sense, Eaton Vance knew that what it was doing was wrong.

13. Eaton Vance understands and purports to respect copyrights, and claims copyright in many of its publications. Yet, on information and belief, it tolerates infringement that it believes is likely to go undetected.

### First Cause of Action:  Copyright Infringement

14. Eaton Vance's systematic, unauthorized copying and distribution of copies of *Grant's Interest Rate Observer*, and violation of other exclusive rights set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, constitutes willful copyright infringement. Grant's has been damaged and faces the threat of irreparable injury from future infringements for which it has no adequate remedy at law. Eaton Vance has unjustly profited by its infringement of Grant's copyrights.

15. At any time before final judgment, Grant's is entitled to elect to receive statutory damages in lieu of actual damages and profits. 17 U.S.C. § 504(c). For willful copyright infringement, the jury may award up to $150,000 for each infringed issue of *Grant's Interest Rate Observer*. Eaton Vance's infringement of each issue was willful. Eaton Vance's period of subscription included approximately sixty-nine (69) issues registered within three (3) months of publication. The precise number of infringed issues will be determined during discovery, but on information and belief, Eaton Vance has infringed more than fifty (50) timely registered issues.

16. Grant's alternatively may choose to recover Eaton Vance's profits attributable to infringement plus Grant's actual damages. 17 U.S.C. § 504(a). The statute provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Eaton Vance's gross revenues over the period of the infringements are not known at this time, but will be determined during discovery.

## Prayer For Relief

WHEREFORE, Grant's respectfully prays and demands that:

A. Eaton Vance be required to pay to Grant's actual damages for infringement, including but not limited to infringement of the previously-registered issues identified in Ex. A hereto, and be required to account to Grant's and pay Grant's for profits attributable to the infringement;

B. At Grant's election prior to the entry of final judgment in this case, and as an alternative to actual damages and profits, Eaton Vance be required to pay statutory damages as permitted by the Copyright Act, for each timely-registered issue of *Grant's Interest Rate Observer* that was infringed, and specifically, pay enhanced statutory damages of $150,000 per work for each of issue of *Grant's Interest Rate Observer* that was willfully infringed;

C. Eaton Vance and its partners, officers, agents, servants, employees, and attorneys, and those in active concert or participation therewith be enjoined preliminarily and permanently from in any manner, directly or indirectly, copying or distributing any tangible or electronic copy of any issue of *Grant's Interest Rate Observer*, or any portion thereof, and from inducing, aiding, causing or materially contributing to any such conduct by anyone else;

D. Eaton Vance and each of its partners, officers, agents, servants and employees be ordered to surrender for inventory and destruction all copies of *Grant's Interest Rate Observer*;

E. Grant's be awarded pre-judgment and post-judgment interest;

F. Punitive damages be awarded to the extent permitted by law;

G. Eaton Vance be ordered to pay Grant's costs of this action, and Grant's reasonable attorneys' fees incurred in connection with this action; and

H. The Court award such other and further relief as is just.

**Jury Demand**

Plaintiff Grant's demands a trial by jury.

                          Respectfully submitted,

By: _/s/ Richard D. Vetstein_
David G. Hanrahan, Esq. (BBO # 220580)
Richard D. Vetstein, Esq. (BBO # 637681)
Gilman, McLaughlin & Hanrahan, LLP
101 Merrimac Street, P.O. Box 9601
Boston, MA 02114-9601
(617) 227-9999

Thomas W. Kirby (pro hac vice admission pending)
Mark B. Sweet (pro hac vice admission pending)
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7000

Dated: November 6, 2006            *Attorneys for the Plaintiff*