UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
GRANT'S FINANCIAL PUBLISHING, INC.,    )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )   Civil Action No. 1:06-cv-12031-RCL
                                       )
EATON VANCE CORP., EATON VANCE         )
MANAGEMENT, and EATON VANCE            )
TRUST COMPANY,                         )
                                       )
      Defendants.                      )
_____)


### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, Eaton Vance Corp., Eaton Vance Management, and Eaton Vance Trust Company (collectively, "Eaton Vance"), hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint (Dkt. No. 1) filed by Plaintiff, Grant's Financial Publishing, Inc. ("Grant's"). Eaton Vance's Motion to Dismiss is submitted in response to Grant's Complaint, which was filed on November 6, 2006.

### I.  INTRODUCTION

Grant's Complaint is a claim for copyright infringement against Eaton Vance. Complaint at 1. In its Complaint, Grant's alleges that Eaton Vance infringed copyrights in its newsletter entitled "Grant's Interest Rate Observer," to which Eaton Vance had subscribed. Grant's further alleges in its Complaint that Eaton Vance obtained the newsletter electronically by download

from Grant's web site server and that Grant's required subscribers to install "plug-in" software on their computers to prevent unauthorized access. *Id*. at 3.

Earlier in 2006, Grant's informed Eaton Vance that it had obtained information, *inter alia*, about Eaton Vance's downloading and printing of the newsletter. Eaton Vance concluded that the plug-in software it had downloaded from Grant's website to access the newsletter was providing information from Eaton Vance's computers without Eaton Vance's consent or knowledge. Consequently, on October 30, 2006, Eaton Vance filed an action against Grant's in the United States District Court for the District of Massachusetts, Civil No. 1:06-cv-11987-RCL ("the first-filed action"), alleging violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; trespass to personal property or chattels; breach of the implied duty of good faith and fair dealing; and unfair and deceptive acts and practices under Chapter 93A of the General Laws of Massachusetts.[1]

The complaint in Eaton Vance's first-filed action (copy attached as Exhibit A) contains the following allegations:

> 13.  None of the terms and conditions associated with the subscription to Grant's Interest Rate Observer indicate that the software installed on the subscriber's computer will transmit information residing on the subscriber's computer back to Grant's.
> 14.  In connection with its subscription to Grant's Interest Rate Observer, Eaton Vance downloaded the security plug in software from Grant's website onto its computers and has obtained issues of Grant's Interest Rate Observer electronically from Grant's website using its computers.
> 15.  Eaton Vance did not know, and Grant's did not expressly inform Eaton Vance, that the security plug in software would send information from Eaton Vance's computers back to Grant's, and accordingly Eaton Vance did not consent and would not have consented to such action if it had been informed of such.

---

[1] The complaint in the first-filed action was served on Grant's on November 9, 2006. Grant's has not yet filed its response to the complaint in the first-filed action.

16.     Upon information and belief, Grant's has obtained information from Eaton Vance's computers, including but not limited to information about documents downloaded and accessed by the computers, each computer's specific network identifier, and printing instructions generated by such computers.  Eaton Vance learned that Grant's has obtained information from Eaton Vance's computers within the preceding one-year period.

17.     Upon information and belief, the information Grant's obtained from Eaton Vance's computers was obtained using the security plug in software downloaded from Grant's website, which transmitted the information from Eaton Vance's computers through Eaton Vance's computer network and security measures to Grant's without Eaton Vance's consent or knowledge.

18.     Grant's has used information obtained from Eaton Vance's computers to attempt to state a claim for copyright infringement against Eaton Vance with respect to various issues of Grant's Interest Rate Observer, which Eaton Vance believes to be inaccurate and wrongfully obtained.

Grant's Complaint in the present action was filed after Eaton Vance had filed its own, separate action on October 30, 2006.  Grant's Complaint alleging copyright infringement arises out of the same transaction or occurrence that led to the complaint in Eaton Vance's first-filed action, namely that "Grant's has used information obtained from Eaton Vance's computers to attempt to state a claim for copyright infringement against Eaton Vance with respect to various issues of Grant's Interest Rate Observer, which Eaton Vance believes to be inaccurate and wrongfully obtained" without Eaton Vance's consent or knowledge.  Both Eaton Vance's claims in the first-filed action and Grant's copyright claim in the present action arise from the information Grant's wrongfully obtained from Eaton Vance's computers, which information is inaccurate and does not support Grant's copyright claim.  Thus, under Fed. R. Civ. P. 13(a), Grant's copyright allegations are a compulsory counterclaim to Eaton Vance's first-filed action. Since Grant's Complaint states a claim that is a compulsory counterclaim to Eaton Vance's first-filed action, the present action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     ARGUMENT

### A.     The Claim in the Present Action Is a Compulsory Counterclaim to Eaton Vance's First-Filed Action

Grant's copyright claim in the present action is a compulsory counterclaim to Eaton Vance's first-filed action under Fed. R. Civ. P. 13(a) because it "arises out of the transaction or occurrence that is the subject matter of" Eaton Vance's claims in the first-filed action.

This Court has held that Rule 13(a) "has consistently been given a broad interpretation." *United Fruit Co. v. Standard Fruit & Steamship Co.*, 282 F. Supp. 338, 339 (D. Mass. 1968). In particular, the Court has held that "a 'transaction' which is the foundation of a plaintiff's claim is not limited to the facts therein set forth, but includes any logically related acts and conduct of the parties." *Id.* (finding defendant's claim filed in another court for a declaratory judgment that defendant did not infringe the trademark displayed on the plaintiff's labels was a compulsory counterclaim to plaintiff's present claim of unfair competition in defendant's use of labels that resemble labels used by plaintiff).

In the present case, Grant's copyright claim arises out of the same transaction, which is the basis of Eaton Vance's claims in the first-filed action. The parties' claims in both actions concern the information Grant's obtained from Eaton Vance's computers, which Grant's asserts form the basis for its copyright infringement claim in the present action, and which Eaton Vance asserts was wrongfully obtained by Grant's plug-in software and form the basis for its claims in the first-filed action. *See id.* ("the determination that a counterclaim is compulsory is based upon related facts and not common legal issues"); *Cyprus Corp. v. Whitman*, 93 F.R.D. 598, 604 (S.D.N.Y. 1982) (finding claims in a second-filed suit to be compulsory counterclaims to the first-filed suit based on the "logical relationship" between them). There is clearly the necessary logical nexus between the two actions to conclude that Grant's copyright claim in the present

action is a compulsory counterclaim to the claims in Eaton Vance's first-filed action. Thus, the Court should find that Grant's copyright claim in the present action is a compulsory counterclaim to Eaton Vance's first-filed action.

>    B.    **Because Grant's Copyright Claim Is a Compulsory Counterclaim to Eaton Vance's First-Filed Action, the Present Action Should Be Dismissed**

Following established precedent, the present action should be dismissed because Grant's copyright claim is a compulsory counterclaim to Eaton Vance's first-filed action. "The first-to-file rule gives priority to the first-filed suit except where there are special circumstances which justify giving priority to the second-filed suit or a showing of a balance of circumstances favoring the second-filed suit." *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) (dismissing action with compulsory counterclaim of trademark infringement in favor of first-filed actions for declaratory judgment in other courts); *see also United Fruit*, 282 F. Supp. at 340 ("[U]nless there are unusual circumstances, the court should apply the 'general rule that the party filing later in time should be enjoined from further prosecution of his suit.'") (citing *Martin v. Graybar Elec. Co.*, 266 F.3d 202, 204 (7th Cir. 1959)).

Courts have dismissed second-filed suits with a claim that should have been brought as a compulsory counterclaim in an action pending in another court. *Grumman Sys. Support Corp. v. Data Gen. Corp.*, 125 F.R.D. 160, 164 (N.D. Cal. 1988) (dismissing action against copyright owner under state antitrust laws on grounds that action was compulsory counterclaim in owner's first-filed federal copyright infringement action against competitor in District of Massachusetts); *Cyprus*, 93 F.R.D. at 606 (dismissing action with compulsory counterclaims that should have been filed in another pending action filed 19 days prior to filing of present action); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982) (dismissing action on the ground that firm's claims were compulsory counterclaims under Rule

13(a) in an action commenced by the county in another federal district court six days prior to the commencement of the present action); *Pumpelly v. Cook*, 106 F.R.D. 238, 240 (D.D.C. 1985) (dismissing action where plaintiff's claims were compulsory counterclaims to claims in an action pending in another federal district court).

Courts have also dismissed second-filed suits with a claim that should have been brought as a compulsory counterclaim in an action pending in the *same court*. In an analogous case, *Jepco Corp. v. Greene*, 171 F. Supp. 66 (S.D.N.Y. 1959), the court dismissed an action seeking a declaration of the invalidity of two patents where six days earlier the assignee of the patents had commenced an action in the same federal district court for infringement of the patents against the plaintiff in the present action and another party. The Court in *Jepco* stated (*id.* at 68-69):

> By the earlier suit [plaintiff] Jepco Corporation was put on notice of [defendant] Fashion Demonstration, Inc.'s claim of title to the two patents at issue. It should have counterclaimed in the earlier suit against Fashion Demonstrations, Inc. for the relief addressed to a declaration of validity of the patents. . . . By Fashion Demonstrations, Inc. having commenced the first of the two suits here involved, whatever advantages it feels accrued to it by virtue of that priority should be preserved under the circumstances presented here.

*See also E.J. Korvette Co. v. Parker Pen Co.*, 17 F.R.D. 267, 269 (D.N.Y. 1955) (holding that retailers' claims against pen manufacturer for alleged violation of Sherman Act and Robinson Patman Act due to manufacturer's distribution system were compulsory counterclaims under Rule 13(a) that should have been asserted in an action previously commenced in the same court by the manufacturer against the retailers seeking recovery for alleged violation of state fair trade law, and dismissing the present action).

The policy behind this case law is derived from Fed. R. Civ. P. 13(a). "Permitting this action to proceed 'would result in fragmentation of litigation and multiplicity of suits contrary to one of the major purposes of Rule 13(a).'" *Cyprus*, 93 F.R.D. at 606 (citing *United States v. Heyward-Robinson Co.*, 430 F.3d 1077, 1082 (2d Cir. 1970), *cert. denied*, 400 U.S. 1021

(1971)); *Lyons*, 892 F. Supp at 490 (filing of compulsory counterclaims in a separate action contravenes the purpose of Rule 13(a) "in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process").

The claim in the present action is a compulsory counterclaim to the complaint in Eaton Vance's first-filed action. Eaton Vance's action should proceed as the first-filed action. There are no unusual circumstances compelling the Court to deviate from the "first-to-file" rule, particularly in a case such as there where the second-filed action was *filed in the same court*. Grant's clearly expected to litigate its copyright claim in this Court, but it should have to do so as a compulsory counterclaim to Eaton-Vance's first-filed action. *See Cyprus*, 93 F.R.D. at 606 (plaintiff "was obligated to assert its counterclaims [in the first-filed action], and must accept the consequences of its failure to do so").

**III.   CONCLUSION**

For at least the foregoing reasons, Grant's Complaint in the present action should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Jeffrey L. Snow*
Jeffrey L. Snow (BBO # 566388)
Christopher Centurelli (BBO # 640974)
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
(617) 261-3100)

Charles L. Eisen (of counsel)
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9000

*Counsel for Defendants Eaton Vance Corp., Eaton Vance Management, and Eaton Vance Trust Company*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 27, 2006.

*/s/ Jeffrey L. Snow*
Jeffrey L. Snow