UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
GRANT'S FINANCIAL PUBLISHING, INC.,         )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )   Civil Action No. 1:06-cv-12031-RCL
                                            )
EATON VANCE CORP., EATON VANCE              )
MANAGEMENT, and EATON VANCE                 )
TRUST COMPANY,                              )
                                            )
        Defendants.                         )
_____)

**DEFENDANTS' OPPOSITION TO GRANT'S CROSS MOTION FOR AN ORDER
CONSOLIDATING CASES AND PROVIDING CASE MANAGEMENT PROCEDURES**

Defendants, Eaton Vance Corp., Eaton Vance Management, and Eaton Vance Trust Company (collectively, "Eaton Vance"), hereby provide their Opposition to the Cross Motion for an Order Consolidating Cases and Providing Case Management Procedures (Dkt. No. 13) filed by Plaintiff, Grant's Financial Publishing, Inc. ("Grant's").  This Opposition is responsive to Grant's Opposition to the Eaton Vance Motion to Dismiss and Grant's Cross Motion for an Order Consolidating Cases and Providing Case Management Procedures ("Grant's Br.").

**I.    INTRODUCTION**

Grant's has created an unnecessary procedural mess, resulting from its filing of this second-filed action and its present attempt to consolidate this action with Eaton Vance Management's first-filed action, Civil No. 1:06-cv-11987-RCL (filed on October 30, 2006).

Grant's obfuscation is apparent from the caption on its brief, which improperly references both Eaton Vance Management's first-filed action and this second-filed action.

When Eaton Vance Management brought its first-filed action, alleging violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), trespass to personal property or chattels, breach of the implied duty of good faith and fair dealing, and unfair and deceptive acts and practices under Chapter 93A, Grant's should have filed its present claim for copyright infringement against Eaton Vance as a counterclaim.  Grant's should not have filed a separate action, the present second-filed action, to raise its copyright infringement claims.

Having deferred its opportunity to file its copyright claims in an action in the Southern District of New York, Grant's is trying to make an end-run around the Federal Rules of Civil Procedure to gain priority for its second-filed action in this Court.  Contrary to Grant's allegations, it is Grant's procedural wrangling to attempt obtain priority that "if rewarded, would discourage settlement and reward sharp practice."  Grant's Br. at 2.

Granting Eaton Vance's motion to dismiss Grant's second-filed action would untangle the procedural morass Grant's has created.[1]  Once Grant's second-filed action is dismissed, there will be no need to consolidate the two-cases, as Grant's has requested.[2]

---

[1] Eaton Vance's motion to dismiss was not filed prematurely, as Grant's asserts.  Grant's Br. at 9-10.  The motion was timely filed in response to Grant's complaint in the second filed action.  Eaton Vance has timely met all of its filing and service deadlines in this action and in the first-filed action, including serving the summons on Grant's.

[2] In the first-filed action, Eaton Vance Management filed a motion to dismiss Grant's "alternative counterclaim" because it inappropriately referenced Grant's pleading in this action, contrary to the requirements of Fed. R. Civ. P. 8(a).  *See* Civil No. 1:06-cv-11987-RCL, Dkt. No. 8.  Eaton Vance Management's motion to dismiss Grant's "alternative counterclaim" would be without prejudice to Grant's ability to file a properly pled counterclaim in the first-filed action as permitted by the Rules.

## II. ARGUMENT

### A. Eaton Vance Management Properly Filed the First-Filed Action

In its brief, Grant's mischaracterizes the facts leading up the filing of Eaton Vance Management's first-filed action and the present second-filed action. The parties had been pursuing settlement discussions, but those discussions stalled because Grant's demanded an unreasonable, unjustifiably exorbitant amount from Eaton Vance to settle the parties' dispute.[3] It was through the parties' settlement discussions that Eaton Vance learned that Grant's was using plug-in software downloaded onto Eaton Vance's computers from Grant's website, i.e. "spyware," improperly installed on Eaton Vance's computers to provide information to Grant's from Eaton Vance's computers without Eaton Vance's consent or knowledge. In fact, Grant's provided Eaton Vance with a printout of an unauthorized report generated by the spyware that allegedly showed Eaton Vance's infringing activities.[4] However, the spyware provided inaccurate information about the activities of Eaton Vance's computers and does not support Grant's copyright infringement claim. Nevertheless, from the spyware report, which confirms Grant's unauthorized access to Eaton Vance's protected computers, Eaton Vance Management

---

[3] Grant's inclusion with its opposition of the parties' correspondence regarding settlement and its assertion that Eaton Vance "acknowledged copying" (Grant's Br. at 3) was unnecessary to its argument and appears to have been done solely to attempt to prejudice Eaton Vance before this Court. Such litigation tactics should be considered sanctionable. Moreover, Grant's characterization of the parties' correspondence about settlement is inaccurate, and Eaton Vance denies liability for Grant's copyright infringement claims.

[4] Grant's conspicuously omitted the settlement-related correspondence between the parties including and relating to the spyware report. Moreover, it was Grant's self-serving decision to omit any reference to the spyware report from its complaint.

had an independent basis for bringing suit against Grant's for Grant's improper and unauthorized use of the spyware.[5]

Eaton Vance Management's complaint in the first-filed action was not merely an attempt to preempt Grant's copyright infringement claim.  Specifically, Eaton Vance Management's claims do not seek a declaratory judgment for the same claims that Grant's brought in this second-filed action.  Thus, the case law that Grant's cites on pages 7-8 of its brief, which are directed to preemptive declaratory judgment actions, do not apply in the present circumstances.

Eaton Vance Management did not "rush" to this Court to try to preempt Grant's contemplated action.  Eaton Vance Management filed its first-filed action only after a prolonged and good faith attempt to settle the parties' dispute proved fruitless, and Grant's provided Eaton Vance with a draft complaint it said it would file in the Southern District of New York if Eaton Vance did not accept Grant's settlement demands.  By filing its second-filed action in this Court, naming defendants not named in its draft complaint, Grant's conceded that its draft complaint was incomplete or otherwise deficient and that it did not object to having its copyright infringement claim heard by the same Court that Eaton Vance Management selected to hear its first-filed action.

The "first-to-file" rule should apply in this case.  *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) ("The first-to-file rule gives priority to the first-filed suit except where there are special circumstances which justify giving priority to the second-filed suit or a showing of a balance of circumstances favoring the second-filed suit.'"); *United Fruit Co. v. Standard Fruit & Steamship Co.*, 282 F. Supp. 338, 340 (D. Mass. 1968) ("[U]nless there are

---

[5] This exposition of the factual background shows how related Grant's copyright claims are to Eaton Vance Management's claims, such that they are compulsory counterclaims to Eaton Vance Management's claims.

unusual circumstances, the court should apply the 'general rule that the party filing later in time should be enjoined from further prosecution of his suit.'") (citing *Martin v. Graybar Elec. Co.*, 266 F. 3d 202, 204 (7th Cir. 1959)).  There are no special or unusual circumstances that would justify deviating from the first-to-file rule.  Grant's cannot claim that Eaton Vance Management engaged in forum shopping, because Grant's *voluntarily* filed its own second-filed action in this same Court.  Similarly, since Grant's voluntarily brought its own action in this District, it cannot argue that pursing its claim here would be inconvenient.  Moreover, this was not a case in which Eaton Vance Management misrepresented its intention to engage in settlement negotiations and then suddenly filed a declaratory judgment suit to avoid an inconvenient forum; instead, Eaton Vance participated in settlement discussions with Grant's, and never provided any assurance that the parties' claims would be resolved short of litigation.  *See Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 16 (D. Mass. 2002).  Further, unlike the cases cited in Grant's brief, Eaton Vance Management's first-filed action does *not* seek a declaratory judgment, which action would be within the discretionary jurisdiction of the Court.  *See Atlas Copco Construction Tools, Inc. v. Allied Construction Prods. LLC*, 307 F. Supp. 228, 232 (D. Mass. 2004).  The action stands on its own, without the need for any threat of a claim raised by Grant's.

Further, Grant's assertion that its complaint contains the only claim that involves all of the parties is misplaced and does not compel a conclusion that its second-filed action is entitled to priority.  In the first-filed action, Grant's could have brought a counterclaim for copyright

infringement against the plaintiff, Eaton Vance Management, and included Eaton Vance Corp. and Eaton Vance Trust Company as additional counterclaim-defendants.[6]

Eaton Vance Management properly brought its first-filed action in this Court. This is not, as Grant's argues (Grant's Br. at 6), simply a matter of the Court's setting the order of proof, which would be an issue for trial. In light of Grant's improper use of its spyware to obtain information from Eaton Vance's computers without its consent or knowledge, Grant's copyright infringement claim is hardly the "source and mainspring of this action," and it does not matter that Grant's copyright claim was "raised first." Grant's Br. at 2. Having filed its claims against Grant's in the first-filed action, Eaton Vance Management is the proper plaintiff.

### B. Grant's Copyright Infringement Counterclaim Is Logically Related to the Claims in Eaton Vance Management's First-Filed Action

As Eaton Vance explained in its memorandum in support of its motion to dismiss (Dkt. No. 10), Grant's copyright infringement claim arises out of the same transaction or occurrence that that is the subject of, and thus is logically related to, Eaton Vance Management's claims in the first-filed action. The parties' claims in both actions concern the information Grant's obtained from Eaton Vance's computers, which Grant's has relied on as a basis for its copyright

---

[6] Grant's calls the relationship between the Eaton Vance defendants in its action "confusing," a fact that Eaton Vance Management disputes. Grant's Br. at 10 n.8. However, it is suspicious that in the draft complaint Grant's threatened to file in the Southern District of New York, only Eaton Vance Corp. was listed as a defendant, yet after receiving Eaton Vance Management's first-filed action, which identified Eaton Vance Corp. and Eaton Vance Trust Company as related companies having computers that operate on the same computer network, Grant's decided to name all three entities as defendants in its second-filed action. It was incumbent on Grant's to determine who, if anyone, allegedly infringed its copyrights before bringing suit against them. While Eaton Vance Management does not see how Eaton Vance Corp. or Eaton Vance Trust Company could in any way be implicated in Grant's copyright infringement claim, the fact that Grant's decided to sue them only after receiving Eaton Vance Management's first-filed action certainly establishes that Grant's did not complete its pre-suit investigation until after that date.

infringement claim in the present action, and which Eaton Vance Management asserts was wrongfully obtained by Grant's spyware and form the basis for its claims in the first-filed action. *See United Fruit*, 282 F. Supp. at 339 ("the determination that a counterclaim is compulsory is based upon related facts and not common legal issues").  Grant's tries to argue that that the parties' claims are not logically related by separately listing facts that relate to Eaton Vance Management's first-filed action and facts that relate to its copyright infringement claim. Fundamentally, what Grant's fails to address is that the parties' claims arise from the same factual basis.  In fact, the same spyware report that Grant's provided to Eaton Vance, which allegedly shows Eaton Vance's infringing activities, also establishes Grant's improper use of its spyware to obtain information from Eaton Vance's computers without its consent or knowledge. Thus, there is an "aggregate of operative facts" that serves as the basis of the parties' claims, which are logically related to each other.

Grant's even admits that its copyright infringement claim is a counterclaim to Eaton Vance Management's claims.  In the first-filed action, rather than seeking to dismiss Eaton Vance Management's claims, Grant's answered the complaint and alleged an "alternative counterclaim" to raise the same copyright claim that it brought in this action.  There is no reason this action should continue, and the Court should dismiss Grant's complaint.  As Grant's acknowledges, "[c]ourts may exercise their equitable discretion to dismiss so as to prevent burdensome multiple actions."  Grant's Br. at 9 n.7.

    **C.**    **Eaton Vance Complied with the Meet-and-Confer Requirement of Local Rule 7.1**

Grant's alleges that Eaton Vance did not confer with Grant's in good faith prior to bringing its motion to dismiss, and that Eaton Vance's certification of compliance with Local Rule 7.1 was "obscured" and "artfully worded."  Grant's Br. at 9.  To the contrary, Eaton Vance

did comply with the meet-and-confer requirement of Local Rule 7.1.  Counsel for Eaton Vance left a message with Grant's counsel, Thomas Kirby, after reaching his secretary (who stated that Grant's counsel was in the office, but had just stepped away from his desk for a moment), but Grant's counsel did not respond for over five hours, on the day that Eaton Vance's response to Grant's complaint was due.  In fact, there had been a full exposition of the issue, namely that Grant's counsel understood the basis for Eaton Vance's motion to dismiss, but explicitly declined to dismiss its second-filed action.  This was confirmed by the final email from Eaton Vance's counsel, to which Grant's counsel never responded during the hours before Eaton Vance filed its motion.[7]  Grant's Br. Ex. F.

       Thus, Eaton Vance conferred with Grant's in good faith prior to filing its motion to dismiss.

---

[7] The meet-and-confer requirement of Local Rule 7.1 does not provide an opportunity for Grant's to muse about procedural considerations "off the cuff" or to attempt to delay progress of a case.  *See* Grant's Br. Ex. F.

## III.   CONCLUSION

For at least the foregoing reasons, Grant's motion to consolidate this action with Eaton Vance Management's first-filed action should be denied, and instead Grant's complaint in this action should be dismissed.

Respectfully submitted,

*/s/ Jeffrey L. Snow*
Jeffrey L. Snow (BBO # 566388)
Christopher Centurelli (BBO # 640974)
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
(617) 261-3100)

Charles L. Eisen (of counsel)
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9000

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 26, 2006.

*/s/ Jeffrey L. Snow*
Jeffrey L. Snow