UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| GRANT'S FINANCIAL PUBLISHING, ) INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No.  06-cv-12031-RCL | |
| ) | | |
| EATON VANCE, CORP., EATON ) VANCE MANAGEMENT, and EATON ) VANCE TRUST CO., ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |
| ) | | |
| EATON VANCE MANAGEMENT, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No.  06-cv-11987-RCL | |
| ) | | |
| GRANT'S FINANCIAL PUBLISHING, ) INC., ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

ORDER ON GRANT'S MOTION TO CONSOLIDATE CASES, ORDER ON GRANT'S
CROSS MOTION TO CONSOLIDATE CASES
REPORT AND RECOMMENDATION ON EATON VANCE'S MOTIONS TO DISMISS
REPORT AND RECOMMENDATION ON GRANT'S MOTION TO DISMISS

February 13, 2007

SOROKIN, M.J.

       In response to referrals from the District Judge dated January 9, 2007, (Docket # 15 in

each action), the pending motions of Grants Financial Publishing, Inc. to consolidate Civil

Action No. 06-cv-11987-RCL with Civil Action No. 06-cv-12031-RCL are ALLOWED. In

addition, I recommend that the Court DENY all three pending motions to dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2006, Eaton Vance Management filed its Complaint against Grant's

Publishing, Inc., in which it alleges, *inter alia*, a claim pursuant the Computer Fraud and Abuse

Act, 18 U.S.C., § 1030. No. 06-11987, Docket #1. This Complaint was served on November 9,

2006. No. 06-11987, Docket #3. Subsequent to the filing of Eaton Vance's Complaint, but

prior to service, Grant's filed and served its own Complaint, alleging copyright infringement by

Eaton Vance and two of its subsidiaries.[1] No. 06-12031, Docket #1-1; 4-6.

Grant's alleges in its Complaint that it is the publisher of a semi-monthly financial

newsletter. No. 06-12031 , Docket #1-1, at ¶¶ 1-2. An employee of Eaton Vance subscribed to

the newsletter in July, 2001. Id., at ¶ 5. During 2003, the newsletter was made available to

subscribers via electronic download, and the Eaton Vance employee exercised this option. Id., at

¶ 6. Subscribers utilizing the download option were required to permit installation of a "plug in"

on their computers designed to prevent unauthorized access. Id. Each issue of the newsletter

contained a copyright notice and warning, and similar warnings were contained on the Grant's

website and in emails to subscribers. Id., at ¶¶ 9-10. Grant's alleges that Eaton Vance regularly

made and distributed multiple unauthorized copies of the newsletter. Id., at ¶ 8.

---

[1] Grant's Complaint was filed on November 6, 2006, and was served on all three
defendants on November 7, 2006.

Eaton Vance asserts many of the same factual predicates in its Complaint (e.g., that Grant's publishes a financial newsletter, to which at least three of its employees subscribed, that the newsletter was available for electronic download, and that Grant's required installation of a security plug in on the subscriber's computer).  06-11987, Docket #1, at ¶¶ 7-12.  It further alleges that none of the terms and conditions associated with its subscription indicated that Grant's software would transmit information residing on the subscriber's computer to Grant's, and that it would not have consented to such transmissions. Id., at ¶¶ 13, 15.  Eaton Vance alleges that it has incurred expenses investigating Grant's penetration of its computer security, and in responding to defendant Grant's copyright infringement claim, which is based upon information wrongfully obtained via the plug in. Id., at ¶¶ 18-19.

Prior to the filing of either complaint, Grant contacted Eaton alleging it violated Grant's copyright and initiated settlement discussions.  During the course of these pre-litigation settlement negotiations concerning Grant's threatened copyright infringement suit Eaton Vance learned of Grant's alleged computer fraud.  No. 06-11987, Docket #12, at 3.

## MOTIONS TO CONSOLIDATE

Grant's has brought a motion in each of the above-entitled actions to consolidate the cases and seeking an order that Grant's function as the Plaintiff in the consolidated action, with its claim functioning as the Complaint.  No. 06-11987, Docket #7; No. 06-12031, Docket #13. It argues that its claim is the only claim encompassing all of the parties, and asserts that the fact that Eaton Vance's Complaint was the first filed is of little significance, given that Grant's Complaint was filed within a few days and was the first served.   No. 06-11987, Docket #7, at 8. It also argues that it was the first to advance a claim in the course of pre-litigation settlement

efforts, and that Eaton Vance should not have the benefit of rushing to the courthouse in order to achieve filing priority while simultaneously engaging in, allegedly, bad-faith negotiations. Id., at 3, 8.

Eaton Vance responds that rather than file a second action, Grant's should have asserted its claims in a counterclaim. No. 06-11987, Docket #12. It argues that Grant's action should be dismissed, leaving only its case, in the course of which Grant's may pursue its claims as counterclaims. Id. It also argues that there are no special or unusual circumstances in this case which justify deviation from the so-called "first-filed rule," giving priority to the party who files its claim first. Id.

The motions were heard on February 2, 2007. At the hearing, the parties agreed that the cases should be litigated together, and also conceded that the Court has the power to consolidate the cases and to designate one of the complaints as the Complaint for the consolidated actions. The Court agrees. Fed. R. Civ. P. 42(a) permits the Court to order a joint hearing or trial of any or all matters where actions involve a common question of law or fact. Fed. R. Civ. P. 42(a). The Court enjoys broad discretion in applying Rule 42. See, Storlazzi v. Bakey, 894 F.Supp. 494, 499 (D.Mass.1995)(Gertner, J. ) citing New England Energy Inc. v. Keystone Shipping Co., 855 F.2d 1, 7 (1st Cir.1988).

The parties agree that this case qualifies for consolidation, and disagree only as to the particulars. The Court finds that the so-called "first-to-file" rule is not binding upon this particular consolidation. The cases cited by Eaton Vance in favor of application of the rule are cases in which the consolidation is in the context of separate lawsuits filed in different District Courts. See, e.g., J. Lyons & Co. Ltd. v. Republic of Tea, Inc., 892 F.Supp. 486 (S.D.N.Y.

1995)(cases brought in district courts in New York, California and New Jersey); <u>United Fruit Co.</u>

<u>v. Standard Fruit & Steamship Co.</u>, 282 F.Supp. 338, 340 (D.Mass.1968)(Garrity, J.)(cases in

District of Massachusetts and the Eastern District of Louisiana).  The rule appropriately gives

priority in that circumstance to the first filer's choice of forum, but this is a consideration which

is entirely lacking here.  To give priority to one claim in this circumstance simply because it was

filed (but not served) shortly before the other would unnecessarily elevate form over substance.

Despite the substantial effort invested by the parties in fighting for the plaintiff

designation, the only potential significance is the sequencing of proof at trial.  While neither

party's position is overwhelming, considerations of judicial economy and practical efficiency

warrant designating Grant's as the plaintiff.  Its copyright infringement claim is the broadest

claim.  Moreover, the parties efforts to settle that claim short of litigation gave rise to the

discovery by Eaton Vance of its own computer abuse claims.  Although Eaton Vance filed first, it

barely beat Grant's to the courthouse, and, in any event served its suit second.  Accordingly, the

Motions to Consolidate are ALLOWED and Grant's is designated as the Plaintiff.  The two

actions are now restructured as follows.  Grant's action (06cv12031) is the lead action; all future

filings shall be made in that civil action.  Grant's complaint is the complaint.  Eaton Vance has

not yet responded to that complaint and shall do so within the time provided under the rules.

Eaton Vance's complaint in its action is designated as its complaint in counterclaim.  Grant's

answer to Eaton Vance's complaint (without the counterclaims which merely restate its own

complaint) is Grant's answer to the counterclaims.

REPORTS AND RECOMMENDATIONS ON THE MOTIONS TO DISMISS

Pending before the Court are three Motions to Dismiss.  Eaton Vance, in its civil action,

sought to dismiss Grant's counterclaims in that action for a technical pleading defect –

incorporating another pleading (the complaint Grant's filed in the action Grant's brought) by

reference.  In light of the restructuring of the two actions which renders Grant's counterclaims (as

distinct from its claims) inoperative, this Motion (Docket #8 in 06cv11987) is now MOOT.

Eaton Vance, in Grant's civil action, sought to dismiss Grant's complaint on the grounds that the

claims set forth therein were compulsory counterclaims to Eaton Vance's complaint.  Because I

have consolidated the two actions and designated Grant's complaint as the operative complaint,

this Motion (Docket #9 in 06cv12031) is now MOOT.

Grant's moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count I of Eaton Vance's

complaint on the basis of insufficient pleading.  No. 06-11987, Docket #14.  It argues that Eaton

Vance has failed to plead facts sufficient to establish a cause of action under the Computer Fraud

and Abuse Act, 18 U.S.C., § 1030 because it has failed to plead facts to show that the software

exceeded its authorized monitoring purpose.

In its Complaint, Eaton Vance alleges that "none of the terms and conditions associated

with the subscription to Grant's Interest Rate Observer indicate that the software installed on the

subscriber's computer will transmit information residing on the subscriber's computer back to

Grant's."  No. 06-11987, Docket #1-1, at ¶ 13.  It further alleges that "Eaton Vance did not

know, and Grant's expressly did not inform Eaton Vance, that the security plug in software

would send information from Eaton Vance's computers back to Grant's, and accordingly Eaton

Vance did not consent and would not have consented to such action if had been informed of

such."  Id., at 15.  It next alleges, ". . . Grant's has obtained information from Eaton Vance's

computers, including but not limited to information about documents downloaded and accessed

by the computers, each computer's specific network identifier, and printing instructions

generated by such computers.  Eaton Vance has learned that Grant's has obtained information

from Eaton Vance's computers within the preceding one-year period." Id., at 16.  It alleges that

the information was transmitted to Grant's without Eaton Vance's knowledge or consent. Id., at

17.

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is available when the Plaintiff "fail[s] to

state a claim upon which relief can be granted."  That is, dismissal is appropriate only when it

appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that

entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In reviewing a motion to

dismiss, the Court accepts as true the well-pleaded factual allegations of the Complaint, drawing

all reasonable inferences therefrom in the plaintiff's favor, and determines whether the complaint,

so read, sets forth facts sufficient to justify recovery on any cognizable theory.  Gillian v. Fulton,

399 F.3d 381, 386 (1st. Cir.2005).

Eaton Vance has clearly pleaded that Grant's activities exceeded its authorized access,

and need not plead further facts in support of that claim.  The touchstone for analysis of

sufficiency of pleadings is Fed. R. Civ. P. 8(a), which requires only  "a short and plain statement

of the claim showing that the pleader is entitled to relief."  The Complaint need only  "give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Swierciewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), quoting  Conley, 355 U.S. at 47.  A

liberal pleading standard is not the same as no standard at all.  A complaint must still "set forth

minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriquenos

en Accione v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Nevertheless,  "[t]his simplified

notice pleading standard relies on liberal discovery rules and summary judgment motions to

define disputed facts and issues and to dispose of unmeritorious claims." The Federal Rules

"reject the approach that pleading is a game of skill in which one misstep by counsel may be

decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a

proper decision on the merits." Conley, 355 U.S. at 47.  If the pleadings fail to specify the

allegations in a manner providing sufficient notice, the Defendant may move pursuant to Fed. R.

Civ. P. 12(e) for a more definite statement. Swierciewicz, 534 U.S. at 514.  This approach is

consistent with the provisions of Fed. R. Civ. P. 8(f), which provides  that "[a]ll pleadings shall

be so construed as to do substantial justice."  Id., at 513-514.  This simplified pleading standard

applies to all civil actions, with the exception of those delineated in Fed. R. Civ. P. 9(b).  Id., at

513.  This case does not implicate Rule 9(b) (and Grant's does not contend otherwise), which

requires that "circumstances constituting fraud or mistake shall be stated with particularity."

Grant's has sufficient notice of the fact that Eaton Vance claims that it exceeded its authorized

access by transmitting information (specifically "information about documents downloaded and

accessed by the computers, each computer's specific network identifier, and printing instructions

generated by such computers") without the consent of Eaton Vance.  Whether the information

transmitted was or was not in excess of that authorization is a matter going to the sufficiency of

proof.

Accordingly the Court should DENY all three Motions to Dismiss.

### CONCLUSION

For the foregoing reasons, Grant's Cross Motion to Consolidate Cases (No. 06-12031,

Docket #13) and Motion to Consolidate Cases (No. 06-11987, Docket #7) are ALLOWED.  All

subsequent filings in the consolidated cases are to be made within Civil Action No. 06-cv-12031-

RCL, as detailed supra, at p. 5.

For the foregoing reasons, I recommend to the District Judge that the Court DENY all

three Motions to Dismiss, that is Docket Nos. 8 and 14 in No. 06-11987 and Docket #9 in

06cv12031.[2]

 

 

         / s / Leo T. Sorokin
         Leo T. Sorokin
         United States Magistrate Judge

---

[2]The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).