# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                            )
GRANT'S FINANCIAL PUBLISHING, INC.,         )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        Civil Action No.  1:06-cv-12031-RCL
                                            )
EATON VANCE CORP., EATON VANCE              )
MANAGEMENT, AND EATON VANCE                 )
TRUST COMPANY,                              )
                                            )
        Defendants.                         )
_____)            consolidated with

_____
                                            )
EATON VANCE MANAGEMENT,                     )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        Civil Action No.  1:06-cv-11987-RCL
                                            )
GRANT'S FINANCIAL PUBLISHING, INC.,         )
                                            )
        Defendant.                          )
_____)


## <u>DEFENDANTS' ANSWER</u>


Defendants Eaton Vance Corp., Eaton Vance Management, and Eaton Vance Trust

Company hereby answer the particular allegations set forth in the numbered paragraphs of the

complaint filed by Plaintiff Grant's Financial Publishing, Inc.

1.      Defendants admit that Plaintiff alleges a claim for copyright infringement under

the Copyright Act.  Defendants admit that employees of one of the Defendants made some

copies of *Grant's Interest Rate Observer* for distribution to a few other employees of that

Defendant.  Defendants deny the remainder of the allegations of paragraph 1.

2.      Upon information and belief, Defendants admit that *Grant's Interest Rate Observer* was published twice monthly.  Defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 2, and therefore deny the remainder of the allegations of paragraph 2.

3.      Defendants admit the allegations set forth in subparagraphs (a), (b) and (c) of paragraph 3, except that Defendants deny that Eaton Vance Trust Company is a direct subsidiary of Eaton Vance Management.  Defendants deny the remainder of the allegations of paragraph 3.

4.      Defendants admit that this Court has subject matter jurisdiction over this action, that venue is proper, that the principal place of business of each of the Defendants is in Boston, Massachusetts, and that the Court has personal jurisdiction over the Defendants.  The remainder of the allegations of paragraph 4 contains conclusions of law to which no response is required, and to the extent a response is required Defendants deny the remainder of the allegations of paragraph 4.

5.      Upon information and belief, Defendants admit that several employees of one of the Defendants had a subscription or subscriptions to *Grant's Interest Rate Observer*, that the subscription or subscriptions were renewed annually for more than one year, and that Plaintiff mailed paper issues to employees of one of the Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 5, and therefore deny the remainder of the allegations of paragraph 5.

6.      Upon information and belief, Defendants admit that Plaintiff allowed subscribers to access its newsletter electronically by download from Plaintiff's website, that one or more employees of one of the Defendants downloaded *Grant's Interest Rate Observer* from Plaintiff's website, and that Plaintiff required at least one of the employees of one of the Defendants to

install "plug in" software on a computer to carry out said downloading.  Defendants deny the remainder of the allegations of paragraph 6.

7.      Defendants admit that Exhibit A purports to identify copyright registrations, but Defendants are without knowledge or information sufficient to form a belief as to the accuracy of Exhibit A and the actual existence of any such copyright registrations and/or their ownership. Defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 7, and therefore deny the remainder of the allegations of paragraph 7.

8.      Defendants deny the allegations of paragraph 8.

9.      Defendants are without knowledge or information as to what text was contained on each issue of *Grant's Interest Rate Observer*, and therefore deny all allegations relating to same.  Defendants deny the remainder of the allegations of paragraph 9.

10.     Defendants are without knowledge or information as to what was stated on Plaintiff's website and what emails regarding *Grant's Interest Rate Observer* regularly stated, and therefore deny all allegations relating to same.  Defendants are without knowledge or information sufficient to form a belief as the facts alleged in the last sentence of paragraph 10, and therefore deny same.  Defendants deny the remainder of the allegations of paragraph 10.

11.     Defendants are without knowledge or information as to what stories were periodically contained in *Grant's Interest Rate Observer*, and therefore deny all allegations relating to same.  Defendants deny the remainder of the allegations of paragraph 1l.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendants admit that they understand and respect copyrights and claim copyrights in many of their publications.  Defendants deny the remainder of the allegations of paragraph 13.

14.     Defendants deny the allegations of paragraph 14.

15.     Defendants deny that they have infringed more than fifty timely registered issues of Grant's *Interest Rate Observer*.  Paragraph 15 contains conclusions of law to which no response is required, and to the extent a response is required Defendants deny same.  Defendants are without knowledge or information sufficient to form a belief as the remainder of the facts alleged in paragraph 15, and therefore deny the remainder of the allegations of paragraph 15.

16.     Paragraph 16 contains conclusions of law to which no response is required, and to the extent a response is required Defendants deny same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants have not willfully infringed any valid copyright of Plaintiff.

### Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of estoppel, latches, acquiescence and/or waiver.

### Third Affirmative Defense

One or more of the Defendants have not committed any acts for which they could be liable for any alleged infringement of a copyright of Plaintiff.

### Fourth Affirmative Defense

Plaintiff has not been damaged and is not entitled to an award of damages, in whole or in part, for any alleged copyright infringement by the Defendants.

<u>Fifth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

<u>Sixth Affirmative Defense</u>

Assuming Exhibit A is accurate, this action is has been brought after the publication of all of the works identified in Exhibit A.  As a matter of law, Plaintiff is not entitled to an award of statutory damages or attorneys' fees in connection with any issues of *Grant's Interest Rate Observer* that were not registered with the Copyright Office within three months of their initial publication.  Upon information and belief, at least several of the issues of *Grant's Interest Rate Observer* identified in Exhibit A were not registered in the Copyright Office within three months after their first publication.  Pursuant to 17 U.S.C. § 412, no award of statutory damages or attorneys' fees can be made for any infringement of these works.

<u>Seventh Affirmative Defense</u>

Plaintiff has acted in bad faith at all times and has engaged in unclean hands.


WHEREFORE, Defendants respectfully request that this Court:

A.      Enter judgment in their favor on Plaintiff's complaint;

B.      Dismiss Plaintiff's complaint with prejudice;

C.      Award Defendants their costs and expenses, including reasonable attorneys' fees, incurred in this action; and

D.      Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Christopher Centurelli*
Jeffrey L. Snow (BBO # 566388)
Christopher Centurelli (BBO # 640974)
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
(617) 261-3100

Charles L. Eisen (of counsel)
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9000

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on February 28, 2007.

*/s/ Christopher Centurelli*
Christopher Centurelli